**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-7182**

ORAYL INGRAM,

Plaintiff - Appellant,

v.

COMMONWEALTH OF VIRGINIA; CITY OF FAIRFAX, VIRGINIA; FAIRFAX COUNTY DEPARTMENT OF CHILD PROTECTIVE SERVICES; FAIRFAX COUNTY POLICE DEPARTMENT; FAIRFAX COUNTY COMMONWEALTH ATTORNEY'S OFFICE; COMMONWEALTH OF VIRGINIA DEPARTMENT OF SOCIAL SERVICES; RICHARD MULLINS, Detective with Fairfax County Police Department; JONATHAN ORTIZ, PCA II with Fairfax County Police Department; ANGIE COMBS, Sergeant with Fairfax County Sheriff's Department; STEVE DESCANO, Commonwealth Attorney with Commonwealth Attorney's Office; ELIZABETH CARTER, Case Manager with Fairfax County Child Protective Services; COUNTY OF FAIRFAX, VA,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:22-cv-00778-MSN-IDD)

Submitted:  May 22, 2025                                      Decided:  May 28, 2025

Before KING, AGEE, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Orayl Ingram, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Orayl Ingram seeks to appeal the district court's order dismissing without prejudice his 42 U.S.C. § 1983 complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed. In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on September 18, 2023, and the appeal period expired on October 18, 2023. Ingram filed the notice of appeal on November 26, 2024.[1] We grant Ingram's motion to file an amended informal brief. However, because Ingram failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[2] We dispense with oral argument because the facts and legal

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Ingram could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Ingram filed a change of address/motion to show cause in October 2024, and a motion to reopen the appeal period in November 2024, alleging that he did not receive the district court's dismissal order until November 21, 2024. However, a motion to reopen must be filed no later than 180 days after entry of the dismissal order or within 14 days after the moving party receives notice, whichever is earlier. *See* Fed. R. App. P. 4(a)(6)(B). Ingram's notice of appeal and motions were filed over 180 days after the district court entered its dismissal order and, therefore, the appeal period cannot be reopened.

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*